**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MICHAEL STRATTON                          :

    Petitioner                          :

    v                          :                          Civil Action No. WDQ-06-834

J. MICHAEL STOUFFER, *et al.*             :

    Respondents                          :
                         o0o

**MEMORANDUM**

On July 20, 2006, in answer to Petitioner's application for a writ of habeas corpus, Respondents moved to dismiss the petition as time-barred. Paper No. 7.  Petitioner has filed a Rebuttal to the Answer.  Paper No. 9.  Upon review of the papers filed, this Court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6;  *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons stated below, the Petition for Writ of Habeas Corpus shall be denied.

Background

On January 15, 2002, Petitioner pled guilty to attempted second degree murder, carjacking, and use of a handgun in the commission of a crime of violence in the Circuit Court for Baltimore City, Maryland.  Paper No. 7 at Ex. 1 and 2.  Petitioner was sentenced to serve 15 years for attempted second degree murder, 15 years[1] concurrent for use of a handgun in the commission of a crime of violence, and 10 years concurrent for carjacking.  *Id*. at Ex. 2, pp. 42–43.  Following the guilty plea proceeding, Petitioner did not seek leave to appeal with the Maryland Court of Special Appeals.  Accordingly, his conviction became final on February 14,

---

[1] The first five years of this term is without benefit of parole.

2002, the date that the time for filing an appeal expired under Maryland law.  *See* Md. Rule 8-204(a).

On January 14, 2003, Petitioner filed a post-conviction petition in the Circuit Court for Baltimore City which was dismissed without prejudice on August 6, 2003.  Paper No. 7 at Ex. 1. On January 8, 2004, Petitioner filed another post-conviction petition which was heard by the court on May 31, 2005.  *Id*. at Ex. 4, p. 2.  In a memorandum opinion and order dated September 19, 2005, the Circuit Court denied post-conviction relief.  *Id*. at pp. 11– 12.  An application for leave to appeal the denial of post-conviction relief was summarily denied by the Court of Special Appeals on March 13, 2006.  The mandate issued on April 12, 2006.  *Id*. at Ex. 5.

Standard of Review

There is a one-year period of limitation imposed on prisoners seeking to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This one year period is, however, tolled while properly filed post conviction proceedings are pending.  *See* 28 U.S.C. §2244(d)(2).; *see also Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000).

The one year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

2

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris*, 209 F. 3d at 330.   To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay.  *See Harris*  209 F. 3d at 330.

Analysis

At the time Petitioner's first post-conviction petition was dismissed without prejudice there remained one month in which to file a federal habeas corpus petition.  Thus, the instant Petition for Writ of Habeas Corpus should have been filed on or before September 6, 2003.  Because there were no properly filed post-conviction actions pending at that time, the filing deadline was not tolled and the instant petition is time-barred.

In his response, Petitioner asserts that he was unaware that there was a one-year filing deadline for federal habeas corpus petitions.  Paper No. 9.  He has failed to allege circumstances beyond his control, or wrongful conduct on the part of Respondents which prevented him from complying with the one-year filing deadline.  Accordingly, Petitioner is not entitled to an equitable tolling of the filing deadline and the petition must be dismissed.  A separate order follows.

August 21, 2006                                           /s/
Date                                                    William D. Quarles, Jr.
                                                        United States District Judge